Thomas MACLEAN, Petitioner–Appellant,

v.

Kenneth McKEE, Respondent–Appellee.

No. 13–1365.

United States Court of Appeals, Sixth Circuit.

April 9, 2014.

Before: BOGGS, SILER, and GIBBONS, Circuit Judges.

PER CURIAM.

On February 27, 1998, shortly before 7:13 p.m., Thomas B. Maclean, driving his car with a blood-alcohol level well over the

legal limit, was involved in an auto accident that killed William Shand. Over an hour after the accident, Maclean's blood-alcohol level was .28. In 2006, a jury convicted Maclean of second-degree murder and of operating a vehicle while intoxicated causing death.

The trial court denied Maclean's motion to dismiss the charges on speedy-trial grounds. The Michigan Court of Appeals affirmed Maclean's conviction, *People v. MaClean,* No. 270525, 2007 WL 2713431, at *7 (Mich.Ct.App. Sept. 18, 2007), and the Michigan Supreme Court denied leave to appeal, *People v. MaClean,* 480 Mich. 1141, 746 N.W.2d 101 (2008). A federal district court denied Maclean's petition for a writ of habeas corpus, determining that the Sixth Amendment speedy-trial right only attaches at arrest and that the time between Maclean's August 2005 arrest and the start of his trial did not constitute a speedy-trial violation. *MacLean v. McKee,* No. 2:09–CV–12992, 2012 WL 2803756, at *6, *10 (E.D.Mich. July 10, 2012).[1] The district court also found that the state court's decision that the prosecution did not cause the pre-arrest delay to gain a tactical advantage was reasonable. *Id.* at *8. The district court, however, granted Maclean a certificate of appealability (COA) as to the claim that the pre-arrest delay constituted a violation of Maclean's Fifth Amendment due-process rights. *Id.* at *10.

On appeal, Maclean's only argument is that the delay between the accident and the start of the trial violated his right under the Speedy Trial Clause of the Sixth Amendment. *See* U.S. Const. amend. VI;

Appellant Br. 24–36. The district court did not grant Maclean a COA as to a speedy-trial claim. The district court only granted Maclean a COA as to his "claim that his right to due process was violated by the pre-arrest delay." *MacLean,* 2012 WL 2803756, at *10. Maclean did not seek an expansion of the COA. "[A] court of appeals will address only the issues which are specified in the certificate of appealability." *Searcy v. Carter,* 246 F.3d 515, 518 (6th Cir.2001). Because Maclean's speedy-trial claim was not certified for appeal, it is not properly before this court.[2] The district court issued a thorough, well-reasoned opinion. We have held oral argument and conducted a de novo review of the district court's factual statements and legal conclusions. We adopt its reasoning and AFFIRM the judgment.[3]

---

1. The proper capitalization of Maclean's last name is unclear. We employ in Maclean's brief, which is also consistent with the caption in this case.

2. The claim is also meritless.

3. Because the COA requirement is not jurisdictional, we affirm rather than lack of jurisdiction. *See Gonzalez v. Thaler,* —— U.S. ——, 132 S.Ct. 641, 650, 181 L.Ed.2d 619 (2012). the capitalization used dismiss the appeal for lack of jurisdiction. *See Gonzalez v. Thaler,* —— U.S. ——, 132 S.Ct. 641, 650, 181 L.Ed.2d 619 (2012).